UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Alexander J. Rinaldi, Esq., NJ Attorney ID# 018941985
SALNY REDBORD AND RINALDI
9 Eyland Avenue At Route 10
Succasunna, New Jersey 07876
Tel. (973) 584-1520/ Fax (973) 584-5377
Attorneys for Plaintiff, Louis Cautero

| | |
|---|---|
| **LOUIS CAUTERO,** | |
| Plaintiff, | CIVIL ACTION NO.: 2:25-cv-01212-EP-CLW |
| vs. | Civil Action |
| **ASHCROFT LEGACY FUNDS, LLC, A DELAWARE CORPORATION, and ASHCROFT CAPITAL, LLC, and/or ABC CORPORATION and/or XYZ CORPORATION,** fictitious names, its Agents, servants and/or employees, and/or Employees, **FRANK ROESSLER,** Individually and as CEO of ASHCROFT LEGACY FUNDS, LLC, and ASHCROFT CAPITAL, LLC, **NICOLE ZDEB,** as an Agent, servant and/or employee, and/or **JOHN or JANE DOES,** fictitious names, | **AMENDED COMPLAINT, JURY DEMAND, DEMAND FOR CERTIFIED ANSWERS TO FORM INTERROGATORIES, DEMAND FOR DISCOVERY of INSURANCE COVERAGE NOTICE TO PRODUCE, DESIGNATION OF TRIAL COUNSEL** |
| Defendants. | |

Plaintiff, **LOUIS CAUTERO**, residing at 158 Belford Avenue in the Borough of Rutherford, County of Bergen, State of New Jersey, by way of Complaint against the Defendants, **ASHCROFT LEGACY FUNDS, LLC, A DELAWARE CORPORATION, and ASHCROFT CAPITAL, LLC, and/or ABC CORPORATION, and/or XYZ CORPORATION** fictitious names, its agents, servants and/or employees, **FRANK ROESSLER, Individually and as CEO of ASHCROFT CAPITAL, LLC, NICOLE ZDEB, as an Agent, servant and/or employee, and/or JOHN or JANE DOES, fictitious names,** says:

1

## THE PARTIES

1.  Plaintiff is a resident of the Borough of Rutherford, New Jersey and was employed by Defendant, **ASHCROFT LEGACY FUNDS, LLC and/or ASHCROFT CAPITAL, LLC,** ("Ashcroft") from May 31, 2022 to August 2, 2024.

2.  Defendant, **ASHCROFT LEGACY FUNDS, LLC and/or ASHCROFT CAPITAL, LLC,** ("Ashcroft") is a Delaware Limited Liability Corporation doing business at 461 5th Ave., Floor 16, New York, NY 10017.

3.  Defendant, **FRANK ROESSLER,** is an owner and CEO of the Defendant, **"Ashcroft"**. His personal residential location is unknown.

4.  Defendant, **NICOLE ZDEB** is an agent, servant and/or employee of the Defendant, "Ashcroft", as the Principal of the Human Resources Department, operating out to Dallas, TX, via Birchstone Residential, 3501 Olympus Blvd., Coppell, TX 75019. his personal residential location is unknown.

5.  Defendant, **ABC Corporation** is a fictitious name for the Defendant, "Ashcroft".

6.  Defendant, **XYZ Corporation** is a fictitious name for the Defendant, "Ashcroft".

7.  Defendants, John or Jane Does are fictitious names of individuals unknown to the Plaintiff.

## FACTUAL BACKGROUND

8. **"ASHCROFT"** employed the Plaintiff, **LOUIS CAUTERO** from the date of from May 31, 2022 to August 2, 2024. in the capacity of as an Acquisition Associate.

9. During the Plaintiff's approximately twenty-six months (26), or over two (2) years employment with the Defendant, "Ashcroft", the Plaintiff's performance was exemplary.

2

10. In fact, during the pendency of the Plaintiff's employment, the Plaintiff secured and/or brought into the Defendant's business, over $300,000,000.00 worth of business, and more recently, the Plaintiff brought in approximately $100,000,000.00 worth of business to the Defendant, "Ashcroft".

11. Not once during the Plaintiff's tenure with the Defendant, did the Defendant, their agents, servants and/or employees ever express dissatisfaction with the Plaintiff's performance as an Acquisitions Associate. In truth and in fact, the Plaintiff was given exemplary remarks by the Defendant, FRANK ROESSLER, in his capacity as CEO, who compared the Plaintiff to the CIO and his attention to detail, knowledge of the business and 'Getting things done'.

12. In or about August 2, 2024, the Plaintiff was presented with 'Confidential Separation Agreement and General Release of Claims, along with a 'Forfeiture of Incentive Units, as well as a 'Termination of Bonus Agreement for 2018, 2019 and 2020 Projects'. (See copy of the 'Confidential Separation Agreement and General Release of Claims, the 'Forfeiture of Incentive Units, and 'Termination of Bonus Agreement for 2018, 2019 and 2020 Projects, attached hereto as **EXHIBIT "A".**)

13. Based upon the assets secured on behalf the Defendant, "Ashcroft", and the terms of the contact for employment, the terms presented to the Plaintiff, **LOUIS CAUTERO,** it appears that the Defendant, 'Ashcroft' would be unjustly enriched by the terms of the Confidential Separation Agreement and General Release of Claims, along with a 'Forfeiture of Incentive Units, as well as a 'Termination of Bonus Agreement for 2018, 2019 and 2020 Projects' presented to the Plaintiff.

14. Furthermore, it appears, that based upon the Plaintiff's exemplary performance as an Acquisitions Associate, that the Plaintiff, LOUIS CAUTERO, was unlawfully terminated.

15. Furthermore, the Plaintiff's responsibilities were significantly expanded, well beyond his job description, and when the Plaintiff sought an increase in his remuneration for the expansion of duties and requested a 'title' congruent with the additional responsibilities, same were denied.

16. In retaliation for same, Plaintiff's annual bonus was reduced by fifty percent (50%).

### FIRST COUNT

1. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 15 of the FACTUAL BACKGROUND as if fully set forth herein.

2. At all relevant times herein, Plaintiff was an "employee" pursuant to N.J.S.A. 34:19-2(b).

3. At all times relevant herein, Defendants, **ASHCROFT LEGACY FUNDS, LLC**, was each an "employer" pursuant to N.J.S.A. 34:19-2(a).

4. At all relevant times herein, the Defendant, **FRANK ROESSLER, INDIVIDUALLY,** was an "employee" pursuant to N.J.S.A. 34:19-2(b).

5. At all relevant times herein, the Defendants, **NICOLE ZDEB**, was an "employee" pursuant to N.J.S.A. 34:19-2(b).

6. Defendants' termination of Plaintiff's employment on August 2, 2024 constitutes "retaliatory action" pursuant to N.J.S.A. 34:19-2(e).

7. Defendants violated N.J.S.A. 34:19-3(a) and (c) by terminating Plaintiff's employment for seeking additional remuneration and a title commensurate with the expansion of duties, contrary to his job description.

8. As a direct and proximate result of Defendants' violations, Plaintiff has suffered damages including, but not limited to, back pay, front pay, lost benefits, in excess of approximately $250,000.00, emotional distress, emotional and physical pain and suffering, physical ailments, physical manifestations, anxiety, embarrassment, humiliation, and loss of reputation.

9. Additionally, the Plaintiff, **LOUIS CAUTERO,** during his employ with the Defendants, sourced a deal for nearly $90,000,000.00, including but not limited to performing the initial ourtreach with the client, performed the underwriting and diligence and entertained numerous high level discussions.

10. As part of the Defendants' unjust enrichment and retailiatory actions, in an effort to deprive the Plaintiff of the benefits therefrom, terminated the Plaintiff.

11. The matter came to fruition since the Plaintifff was terminated, thereby depriving the Plaintiff of the remuneration and benefits therefrom.

WHEREFORE, Plaintiff, **LOUIS CAUTERO** demands judgment against Defendants, **ASHCROFT LEGACY FUNDS, LLC, A DELAWARE CORPORATION, and ASHCROFT CAPITAL, LLC, and/or ABC CORPORATION, and/or XYZ CORPORATION fictitious names, its agents, servants and/or employees, FRANK ROESSLER, Individually and as CEO of ASHCROFT CAPITAL, LLC, NICOLE ZDEB, as an Agent, servant and/or employee, and/or JOHN or JANE DOES, fictitious names,** for the following relief:

A. Compensatory damages in the form of back pay, front pay, bonuses, and compensation for lost benefits, in excess of approximately $250,000.00;

B. Compensatory damages for his emotional and physical pain, emotional and physical suffering, emotional and physical distress, emotional and physical ailments and injuries, emotional injuries accompanied by physical manifestations, mental anguish, humiliation, and loss of reputation;

C. Punitive damages;

D. Attorneys' fees and costs;

E. Interest; and

F. Such other and further relief as the Court deems appropriate.

## SECOND COUNT

## UNJUST ENRICHMENT

1. Plaintiff, **LOUIS CAUTERO**, repeats and reiterates each and every allegation as contained in Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 15 of the FACTUAL BACKGROUND and the First Count of the Complaint as if set forth fully herein at length.

2. Defendants were unjustly enriched at Plaintiff's expense, Defendants received substantial sums of monies from the properties acquired through the Plaintiff's efforts, which acquisitions and the monies were brought in by the Plaintiff.

3. The sums brought in from property acquisitions during the Plaintiff's employment exceeded over THREE HUNDRED MILLION DOLLARS ($300,000,000.00).

4. More recently, immediately prior to the Plaintiff's dismissal from the employ of the Defendants, the Plaintiff acquired a property with an account worth NINTY-SEVEN

MILLION DOLLARS ($97,000,000.00), which the Defendants retained all benefits from, and further did not remunerate the Plaintiff for this acquisition.

5. The Plaintiff received a small fee of $7,500.00 as per the initial contract.

6. However, the year end bonus is dictated by the business which the Plaintiff brings in, which is paid via property acquition fees, and ranges from one percent (1%) to three percent (3%), which should have garnerd anywhere from $1,000,000.00 to $3,000,000.00 payable to the Plaintiff, in addition to all of the other fees and waterfalls mentioned herein.

7. It was inequitable and unjust for the Defendants to retain the benefits received under these circumstances, which include but are not limited to:

    A. Excessive fees via the 'Promote Waterfall';

    B. Fees earned on acquisitions ranging from one to three percent (1%-3%) on total purchase price of properties;

    C. Fees on the gross sale price of properties at approximately one to two percent (1% - 2%); and

    D. Charges of asset management fees ranging from one and one-half to two percent (1.5%-2%) on the total effective gross income or the total amount of equity investment.

8. Additionally, the Plaintiff, **LOUIS CAUTERO,** during his employ with the Defendants, sourced a deal for nearly $90,000,000.00, including but not limited to performing the initial ourtreach with the client, performed the underwriting and diligence and entertained numerous high level discussions.

9. As part of the Defendants' unjust enrichment and retaliatory actions, in an effort to deprive the Plaintiff of the benefits therefrom, terminated the Plaintiff.

10. The matter came to fruition since the Plaintifff was terminated, thereby depriving the Plaintiff of the remuneration and benefits therefrom.

WHEREFORE, Plaintiff, **LOUIS CAUTERO** demands judgment against Defendants, **ASHCROFT LEGACY FUNDS, LLC, A DELAWARE CORPORATION, and ASHCROFT CAPITAL, LLC, and/or ABC CORPORATION, and/or XYZ CORPORATION fictitious names, its agents, servants and/or employees, FRANK ROESSLER, Individually and as CEO of ASHCROFT CAPITAL, LLC, NICOLE ZDEB, as an Agent, servant and/or employee, and/or JOHN or JANE DOES, fictitious names,** for the following relief:

A. Compensatory damages in the form of back pay, bonuses, front pay, and compensation for lost benefits, in excess of approximately $250,000.00;

B. Compensatory damages for his emotional and physical pain, emotional and physical suffering, emotional and physical distress, emotional and physical ailments and injuries, emotional injuries accompanied by physical manifestations, mental anguish, humiliation, and loss of reputation;

C. Consequential damages;

D. Punitive damages;

E. Front pay ;

F. Back pay ;

G. Pre-judgment interest;

H. Post-judgment interest;

I. Attorneys' fees and costs of suit; and

J. Such other and further relief as the Court deems appropriate.

### THIRD COUNT

1. Plaintiff, **LOUIS CAUTERO**, repeats and reiterates each and every allegation as contained in Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 15 of the FACTUAL BACKGROUND and the First through Second Counts of the Complaint as if set forth fully herein at length.

2. On or about the 2nd day of August, 2024, and various dates prior and subsequent, and at all times herein referred to, the Defendant, **ASHCROFT LEGACY FUNDS, LLC, ABC CORPORATION, and/or XYZ CORPORATION, fictitious names, its agents, servants and/or employees,** are upon information and belief, corporations or other legal entities authorized to do business in New Jersey with principle places of business at ASHCROFT LEGACY FUNDS, LLC, and/or ASHCROFT CAPITAL, LLC, 461 5th Ave., Floor 16, New York, New York. Defendants are in the business of developing and executing the company's long-term objectives, growth strategies and initiatives, as well as managing day-to-day operations.

3. On or about the date and place aforesaid, the Plaintiff, **LOUIS CAUTERO**, was an employee lawfully on and employed at the premises provided by the said Defendants.

4. In or about December of 2023, at the Plaintiff's year end review, Plaintiff, **LOUIS CAUTERO**, as a result of increased responsibilities and duties, requested a title and remuneration commensurate with the increased responsibilities and duties.

5. In retaliation for same, the Defendants, **ASHCROFT LEGACY FUNDS, LLC, A DELAWARE CORPORATION, and ASHCROFT CAPITAL, LLC, and/or ABC CORPORATION, and/or XYZ CORPORATION fictitious names, its agents, servants and/or employees, FRANK ROESSLER, Individually and as CEO of ASHCROFT CAPITAL, LLC, NICOLE ZDEB, as an Agent, servant and/or employee, and/or JOHN or JANE DOES, fictitious names,** unilaterally dismissed the Plaintiff, without cause,

9

depriving Plaintiff of income, security, bonuses, remuneration for accounts secured for the Defendants, and all benefits, causing undue stress and financial harm to the Plaintiff.

6. By virtue of all aforesaid, the Plaintiff, **LOUIS CAUTERO**, was severely and permanently injured, suffered emotional distress and trauma, and other emotional and mental injuries, including, but not limited to, post traumatic stress disorder; has undergone and in the future will continue to undergo great pain and suffering, has and is unable to attend to his usual duties and occupation for a period of time and has affected his future goals and performance, and has, is, and will in the future be compelled to expend diverse sums of money to cure himself of said injuries, as well as suffering financial losses.

7. The actions alleged above also deprived the Plaintiff, **LOUIS CAUTERO**, of the following rights under the United States Constitution:

(a) Freedom from deprivation of liberty.

(b) Freedom from an invasion of personal security.

(c) Equal protection of the laws.

9. As a direct and proximate result of the acts of the Defendant, **ASHCROFT LEGACY FUNDS, LLC, ABC CORPORATION, and/or XYZ CORPORATION, fictitious names, its agents, servants and/or employees,** the Plaintiff, **LOUIS CAUTERO**, suffered severe injuries, was forced to endure great emotional suffering, and to incur medical and legal expenses, and was deprived of his statutory rights.

WHEREFORE, Plaintiff, **LOUIS CAUTERO**, demands judgment against the Defendants, **ASHCROFT LEGACY FUNDS, LLC, ABC CORPORATION, and/or XYZ CORPORATION, fictitious names, its agents, servants and/or employees, FRANK ROESSLER, NICOLE ZDEB, and/or JOHN or JANE DOES, fictitious names,** jointly and severally for damages, interest, counsel fees and costs of suit.

## FOURTH COUNT

### Unjust Enrichment

1. Plaintiff, **LOUIS CAUTERO,** repeats and reiterates each and every allegation as contained in the First through Third Counts as if set forth fully herein at length.

2. At the aforesaid time and place, the plaintiff, **LOUIS CAUTERO**, was an employee lawfully on the premises of the defendant, **ASHCROFT LEGACY FUNDS, LLC, A DELAWARE CORPORATION, and ASHCROFT CAPITAL, LLC, and/or ABC CORPORATION, and/or XYZ CORPORATION, fictitious names, its agents, servants and/or employees,** known, operated and controlled and maintained by the defendants when he was forced to work in a hostile work environment, by reason of pressuring the Plaintiff to meet difficult and unreasonable goals with the apparent intent of obtaining accounts and then terminating the Plaintiff, all while depriving the Plaintiff of the benefits derived from his conscientious work and loyalty to the company.

3. The defendants, **ASHCROFT LEGACY FUNDS, LLC, A DELAWARE CORPORATION, and ASHCROFT CAPITAL, LLC, and/or ABC CORPORATION, and/or XYZ CORPORATION, fictitious names, its agents, servants and/or employees, and/or employees FRANK ROESSLER, Individually and as CEO of ASHCROFT LEGACY FUNDS, LLC and ASHCROFT CAPITAL, NICOLE ZDEB, as an agent, servant and/or employee, and/or JOHN or JANE DOES, fictitious names,** were negligent and unjustly enriched in that they:

A. Failed to properly remunerate the Plaintiff for his work and efforts;

B. Retained all bonuses and salaries due to the Plaintiff;

C. Induced the Plaintiff to accept new clients and/or transactions when they knowlingly knew that they were going to terminate the Plaintiff;

11

D Allowed a hostile work environment to exist by virtue of an overly burdensome work load; and

E. Was otherwise negligent with regard to their Company in that they were unjustly enriched by retaining said benefits due to the Plaintiff.

4. As a result of the negligence of the defendant, **ASHCROFT LEGACY FUNDS, LLC, A DELAWARE CORPORATION, and ASHCROFT CAPITAL, LLC, and/or ABC CORPORATION, and/or XYZ CORPORATION, fictitious names, its agents, servants and/or employees, and/or employees FRANK ROESSLER, Individually and as CEO of ASHCROFT LEGACY FUNDS, LLC and ASHCROFT CAPITAL, NICOLE ZDEB, as an agent, servant and/or employee, and/or JOHN or JANE DOES, fictitious names,** aforesaid, the plaintiff, **LOUIS CAUTERO**, was caused to suffer and sustain undue emotional, and psychological injuries, has been and will, in the future, be caused to obtain medical treatment, has lost back and front pay, including bonuses, and has been and will in the future be caused to lose time from his employment, and has been and will in the future be caused to refrain from his normal pursuits.

5. The defendant, **ASHCROFT LEGACY FUNDS, LLC, A DELAWARE CORPORATION, and ASHCROFT CAPITAL, LLC, and/or ABC CORPORATION, and/or XYZ CORPORATION, fictitious names, its agents, servants and/or employees, and/or employees FRANK ROESSLER, Individually and as CEO of ASHCROFT LEGACY FUNDS, LLC and ASHCROFT CAPITAL, NICOLE ZDEB, as an agent, servant and/or employee, and/or JOHN or JANE DOES, fictitious names,** negligently, carelessly and in disregard of said duty, permitted the premises to become and remain in an unsafe condition and in such a manner as to create a hostile work environment and hidden trap by failure to provide a safe work environment, and/or to properly maintain and/or control

12

via any other means of communication, including but not limited to, placing undue stress by virtue of an increased workload, without financial remuneration, and/or status, and unlawfully retained income due to the Plaintiff.

6. The Plaintiff is afforded protection as a concientious employee, which is based on an employee's actions.

7. The Defendants, as the employer of the Plaintiff, LOUIS CAUTERO, retaliated in response to the Plaintiff's request for an additional title and remuneration for the additional work performed, by terminating the Plaintff's employment, in an effort to retain the bonuses and financial remuneration due to the Plaintiff for the work performed, which was contrary to the terms of the contract between the parties.

8. As a direct and proximate result of the retaliatory acts of the defendant, **ASHCROFT LEGACY FUNDS, LLC, A DELAWARE CORPORATION, and ASHCROFT CAPITAL, LLC, and/or ABC CORPORATION, and/or XYZ CORPORATION, fictitious names, its agents, servants and/or employees, and/or employees FRANK ROESSLER, Individually and as CEO of ASHCROFT LEGACY FUNDS, LLC and ASHCROFT CAPITAL, NICOLE ZDEB, as an agent, servant and/or employee, and/or JOHN or JANE DOES, fictitious names,** the plaintiff, **LOUIS CAUTERO**, suffered severe injuries, was forced to endure great emotional suffering as a result of the loss of his employment and remuneration, and to incur legal expenses, and was deprived of his statutory rights.

WHEREFORE, plaintiff, **LOUIS CAUTERO**, demands judgment against the defendants, **ASHCROFT LEGACY FUNDS, LLC, A DELAWARE CORPORATION, and ASHCROFT CAPITAL, LLC, and/or ABC CORPORATION, and/or XYZ CORPORATION, fictitious names, its agents, servants and/or employees, and/or**

employees **FRANK ROESSLER, Individually and as CEO of ASHCROFT LEGACY FUNDS, LLC and ASHCROFT CAPITAL, NICOLE ZDEB, as an agent, servant and/or employee, and/or JOHN or JANE DOES, fictitious names,** for compensatory and punitive damages, front and back pay, together with interest and costs of suit, and counsel fees.

### DEMAND FOR CERTIFIED ANSWERS TO FORM INTERROGATORIES

Plaintiff herewith demands Certified answers to form Interrogatories, within the time prescribed pursuant to Rules of Court, by each Defendant and co-Defendant named herein.

### JURY DEMAND

Plaintiff demands a trial by jury of six (6) on all issues raised herein.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that Alexander J. Rinaldi, Esq. of the firm of SALNY REDBORD AND RINALDI, is hereby designated as Trial Counsel on behalf of the Plaintiff, **LOUIS CAUTERO**.

### NOTICE PURSUANT TO RULES 1:5-A(a) and 4:17-4(c)

PLEASE TAKE NOTICE that the undersigned attorney does hereby demand, pursuant to the above cited Rules of Court, that each party herein serving pleadings and Interrogatories, and receiving answers thereto, shall serve copies of all such pleadings and answered Interrogatories, and all documents, papers and other material referred to therein, received from any party, upon the undersigned attorney.

TAKE FURTHER NOTICE that this is a continuing demand.

### DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Rule 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any personal firm carrying on in the insurance business may be liable to satisfy part or all of the judgment

14

which may be entered into this action, or to indemnify or to reimburse for payments made to satisfy the judgment.

If the answer is "Yes", forward a copy of each to the undersigned or, in the alternative, state, under oath or Certification:

(A) Number;

(B) Name and address of insurer;

(C) Inception and expiration date;

(D) Names and addresses of all persons insured thereunder;

(E) Personal Injury limits;

(F) Property Damage limits;

(G) Medical Payment limits;

(H) Name and address of person who has custody and possession thereof; and

(I) Where and when each policy can be inspected and copied.

SALNY REDBORD AND RINALDI
Attorneys for Plaintiff

BY: _____
ALEXANDER J. RINALDI, ESQ.

DATED: 10/14, 2025.

## CERTIFICATION

Pursuant to **R.4:5-1**, I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, or whether any other action or arbitration proceeding is contemplated, nor is counsel aware of any non-party who should be joined in this action.

I further certify that if any other parties should become known to counsel who may be joined to the within cause of action, that the Court shall be immediately noticed.

15

DATED: 10/14, 2025.

SALNY REDBORD AND RINALDI
Attorneys for Plaintiff

BY: _____
ALEXANDER J. RINALDI, ESQ.